**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay (#270796)
Kara M. Wolke (#241521)
Robert H. Gruber (#301620)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile:  (310) 201-9160
Email:  info@glancylaw.com

*Attorneys for Lead Plaintiff Henrik Thørring
and the Proposed Plaintiff Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE TULLER, Individually and on Behalf of All Others Similarly Situated, | Case No.: 4:17-cv-05714-YGR |
| Plaintiff, | CLASS ACTION |
| v. | |
| TINTRI, INC., et al., | **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DETERMINE THAT THE AUTOMATIC STAY HAS NO EFFECT ON ACTION AGAINST NON-DEBTOR CO-DEFENDANTS; AND TO RESET TRIAL DATE AND LITIGATION SCHEDULE** |
| Defendants. | |

417056.1 TINTRI

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ......................................................................................... 1

II.     DISCUSSION............................................................................................... 4

        A.      The Automatic Stay Does Not Apply to Non-Debtor Defendants............................. 4

        B.      Plaintiffs' Motion Was Proper, and Local Rule 7.9 Does Not Apply....................... 5

        C.      Defendants' Characterization of the Stay Order as an Exercise of Discretion Explicitly Intended to Extend the Stay to Non-Debtor Defendants Is Wholly Unsupported ......................................................................................... 6

        D.      The Court Should Reject Defendants' Disguised Request for Affirmative  Relief .. 8

III.    CONCLUSION........................................................................................... 10

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>CASES</u>

3

*Acosta v. Valley Garlic, Inc.*,
4
   No. 1:16-CV-01156 AWI (EPG), 2017 WL 3641761 (E.D. Cal. Aug. 24, 2017)......................4

5
*BMO Harris Bank N.A. v. Marken Enter.*,
   No. 3:17-cv-00091-GPC-NLS, 2017 U.S. Dist. LEXIS 149430 (S.D. Cal. Sept. 14, 2017)........7
6

7
*Boucher v. Shaw*,
   572 F.3d 1087 (9th Cir. 2009)........................................................................5

8
*C.H. Robinson Worldwide, Inc. v. Portola Farm & Food Distrib., Inc.*,
9
   No. SA-CV-1502073 CJC (JCGx), 2016 WL 8849023 (C.D. Cal. May 26, 2016)....................4

10
*Duval v. Gleason*,
   No. C-90-0242-DLJ, 1990 WL 261364 (N.D. Cal. Oct. 19, 1990) ...................................4, 5, 9
11

12
*Echols v. Morpho Detection, Inc.*,
   No. C 12-1581 CW, 2013 WL 752629 (N.D. Cal. Feb. 27, 2013) .................................8

13
*Fed. Deposit Ins. Corp. v. Appraisal Pac., Inc.*,
14
   No. 14-CV-0079-H-BLM, 2014 WL 12564365 (S.D. Cal. Sept. 17, 2014) ................................4

15
*Google Inc. v. Creative Labs, Inc.*,
16
   No. 16-cv-02628-JST, 2016 WL 6947564 (N.D. Cal. Nov. 28, 2016)...................................8, 9

17
*In re Lockard*,
   884 F.2d 1171 (9th Cir. 1989)....................................................................4
18

19
*Ingersoll–Rand Fin. Corp. v. Miller Min. Co., Inc.*,
   817 F.2d 1424 (9th Cir. 1987).....................................................................1, 4

20
*J&J Sports Products Inc. v. Brar*,
21
   No. 2:09-cv-3394-GEB-EFB, 2012 WL 4755037 (E.D. Cal. Oct. 3, 2012) ...............................8

22
*Kaneka Corp. v. Zhejiang Med. Co.*,
   No. CV 11-02389 SJO (SHSx), 2016 WL 6208309 (C.D. Cal. July 6, 2016)............................9
23

24
*Landis v. North Amer. Co.*,
   299 U.S. 248 (1936) ...........................................................................8

25
*Morici v. Hashfast Techs. LLC*,
26
   No. 5:14-CV-00087 EJD, 2014 WL 4983854 (N.D. Cal. Oct. 6, 2014)......................................4

27
*Nken v. Holder*,
28
   556 U.S. 418 (2009) .........................................................................6, 7, 8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Teachers Ins. & Annuity Ass'n v. Butler*,
   803 F.2d 61 (2d Cir. 1986) ................................................................................................. 4

*Wordtech Sys., Inc. v. Integrated Network Sols., Inc.*,
   No. 2:04-CV-01971-MCE, 2012 WL 6049592 (E.D. Cal. Dec. 5, 2012) ................................... 9

*Zurich Am. Ins. Co. v. Trans Cal Assocs.*,
   No. CIV. 2:10-01957 WBS, 2011 WL 6329959 (E.D. Cal. Dec. 16, 2011) ............................... 8

## I.    **INTRODUCTION**

Defendants' Opposition to Plaintiffs' motion to lift the automatic bankruptcy stay as to Non-Debtor Defendants is notable for what it does not say.  It does not argue that this case presents any of the "special circumstances" that might extend the automatic stay to non-bankrupt co-defendants.  *Ingersoll–Rand Fin. Corp. v. Miller Min. Co., Inc.*, 817 F.2d 1424, 1427 (9th Cir. 1987) ("In the absence of special circumstances, stays pursuant to section 362(a) are limited to debtors and do not include non-bankrupt co-defendants.").  Indeed, none of those special circumstances are present here.  In fact, the Opposition does not address the subject of the motion at all; ***Defendants apparently concede that the automatic stay does not apply to the Non-Debtor Defendants***.

Instead of opposing the arguments in Plaintiffs' Motion, Defendants' Opposition masks an affirmative request for relief, which is not properly before the Court: they want a *discretionary* stay as to the Non-Debtor Defendants.  While this is a creative attempt to shift the burden to Plaintiffs to prove that a discretionary stay here would *not* be appropriate, ultimately Defendants' failure to address Plaintiffs' arguments only demonstrates that Plaintiffs' Motion (Dkt. No. 69) was correct.  Plaintiffs' Motion, citing numerous securities cases arising from similar circumstances, established that: (1) the automatic bankruptcy stay cannot be extended to non-debtor defendants absent "special circumstances" (Mot. at 2-3); (2) none of those "special circumstances" exist here (*id.* at 3-4); and (3) regardless, the appropriate method for seeking to extend the automatic stay to non-debtors, if that is what Defendants want to do, is to move for injunctive relief in the Bankruptcy Court (*id.* at 3).  Rather than establishing "special circumstances" to extend the stay to Non-Debtor Defendants, and instead of properly seeking the injunctive relief they want, Non-Debtor Defendants attempt an end-run around their affirmative burdens to seek injunctive relief in the Bankruptcy Court (or move this Court for a discretionary stay), relying on tenuous procedural arguments and an unsupported, expansive reading of the Court's July 12, 2018 Order (Dkt. No. 68, the "Stay Order").  Defendants' argument proceeds in three steps, and fails at each one.

First, Defendants argue that Plaintiffs' Motion was an improper request for reconsideration. Opp. at 2-3. Defendants cite no case in support of this theory, and it is easily disposed of. Numerous courts have granted motions by plaintiffs in circumstances similar to those here. *See* Sec. II.A, *infra*. Moreover, this is not a case where Plaintiffs are seeking reconsideration of an order that the Court issued after receiving briefing and argument from both parties. Local Rule 7.9, which is Defendants' only authority for their argument, itself demonstrates why this situation is not covered. Its requirements include that "a material difference in fact or law exists ***from that which was presented to the Court before entry of the interlocutory order***" and that the party seeking reconsideration "must show that ***in the exercise of reasonable diligence the party … did not know such fact or law at the time of the interlocutory order***." (Emphasis added.) But here, there were no facts or law "presented to the Court" before it issued its order. On July 10, 2018, Defendants filed notice of Tintri's Chapter 11 bankruptcy filing (Dkt. No. 67), and on July 12, 2018, the Court issued the Stay Order (Dkt. No. 68). In other words, the kinds of orders implicated by Rule 7.9 are those involving "material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." *See* L.R. 7.9(c) ("Prohibition Against Repetition of Argument."). Plaintiffs' Motion was their first opportunity to present their arguments to the Court; Plaintiffs have not requested reconsideration of an order following arguments previously made. Thus, Defendants' main argument (and the only one that actually addresses the Motion) fails.

Second, the Opposition argues that the Stay Order was an exercise of the Court's discretion to stay the case as to Non-Debtor Defendants. While Plaintiffs do not presume to know the entire reasoning behind the Court's one-page Order, reading it as Defendants do strains credulity. The stay Order merely notes that "the Court has received notice that defendant Tintri, Inc. filed a petition for bankruptcy" and that "[a]ccordingly, this action is stayed." Dkt. No. 68. From that, Defendants leap to the conclusion that the Court both (1) stayed the action against Tintri because the Court was required to do so automatically and (2) also stayed the action against the Non-Debtors as an exercise of its discretion—without ever having been asked to do so, without the

1  benefit of briefing on the topics Defendants acknowledge courts "must consider" in "deciding

2  whether to exercise its [sic] discretion in staying proceedings" (Opp. at 5-6), and without making

3  any specific findings on the record about the propriety of staying the action as to Non-Debtors.

4  Plaintiffs acknowledge that Courts may exercise their discretion to stay proceedings, where

5  appropriate and if the party requesting a stay demonstrates certain factors.  But that isn't what

6  happened here.

7       Defendants' third argument amounts to an affirmative request that the Court impose a

8  discretionary stay, masquerading behind their expansive reading of the Court's Order.  Opp. at 5-7

9  (under the heading "The Court's Discretionary Stay of This Action Was Appropriate").

10 Apparently, Defendants hope they can avoid the burden of showing why a discretionary stay

11 would be necessary by tossing up the idea that the Court already evaluated and answered that

12 question.  But it didn't, and an Opposition is not the proper vehicle for Defendants' request.

13      And, even if Defendants *had* filed a proper motion seeking a discretionary stay—instead of

14 burying their request within an opposition brief—there is no reason to extend the stay to non-

15 debtor defendants here.  Rather, there are strong reasons not to.  Plaintiffs' claims brought

16 pursuant to Section 11 of the Securities Act of 1933 are alleged not only as to the Debtor Tintri,

17 but as to three Individual Defendants and seven Underwriter Defendants—none of which has filed

18 a bankruptcy petition—for their roles in allegedly disseminating a false or misleading Registration

19 Statement that resulted in millions of dollars in investor losses.  Moreover, this action has been

20 pending for a year and has not yet proceeded to the discovery stage under the Private Securities

21 Litigation Reform Act ("PSLRA") because Defendants' March 30, 2018 motion to dismiss is still

22 pending.  Any further delay in resolving the motion to dismiss as to the Non-Debtor Defendants

23 only further delays Plaintiffs' ability to move into the discovery phase, and thus would be

24 prejudicial to Plaintiffs' ability to seek redress on behalf of themselves and the putative class of

25 investors they represent.

26      The issue on the Motion is whether the automatic bankruptcy stay applies to the Non-

27 Debtor Defendants.  It doesn't, and Defendants concede that.  The Court should reject Defendants'

28

1   improper request for a discretionary stay masquerading as an opposition brief.  Because Plaintiffs'

2   Motion established their right to the requested relief, the Court should grant the Motion, rule that

3   the stay does not apply to the Non-Debtor Defendants, and re-set the litigation schedule in this

4   case.

5   **II.      DISCUSSION**

6           **A.      The Automatic Stay Does Not Apply to Non-Debtor Defendants**

7           As established in Plaintiffs' Motion, numerous courts, including the Ninth Circuit, have

8   explained that the automatic stay under section 362(a)(1) of the U.S. Bankruptcy Code does not

9   automatically apply to any non-debtor defendants.  Mot. at 2-3, citing *Ingersoll–Rand*, 817 F.2d at

10  1427 ("In the absence of special circumstances, stays pursuant to section 362(a) are limited to

11  debtors and do not include non-bankrupt co-defendants.").[1]   And as further shown in the Motion,

12  no such special circumstances exist here.   Mot. at 3-4.   The Non-Debtors are solvent, face

13  independent liability under Sections 11 and 12 of the Securities Act, and lack any basis on which

14  the stay should be extended to them.   *See Duval v. Gleason*, No. C-90-0242-DLJ, 1990 WL

15  261364, at *4 (N.D. Cal. Oct. 19, 1990); *see also In re Lockard*, 884 F.2d 1171, 1178 (9th Cir.

16  1989) (finding that a surety's obligations were independent from claims against the debtor and

17  could proceed).   Moreover, the proper procedure for extending the automatic stay to the Non-

18  Debtors would have been to file a motion in the bankruptcy court.  Mot. at 3.

19  _____

20  [1] *See also Morici v. Hashfast Techs. LLC*, No. 5:14-CV-00087 EJD, 2014 WL 4983854, at *1
    (N.D. Cal. Oct. 6, 2014) (granting a plaintiff's motion to lift stay as to non-debtor defendant); *C.H.*

21  *Robinson Worldwide, Inc. v. Portola Farm & Food Distrib., Inc.*, No. SA-CV-1502073 CJC
    (JCGx), 2016 WL 8849023, at *1 (C.D. Cal. May 26, 2016) (same); *Acosta v. Valley Garlic, Inc.*,

22  No. 1:16-CV-01156 AWI (EPG), 2017 WL 3641761, at *1 (E.D. Cal. Aug. 24, 2017), *on*
    *reconsideration*, No. 116CV01156AWIEPG, 2018 WL 288017 (E.D. Cal. Jan. 4, 2018) ("[A] suit

23  against a co-defendant is not automatically stayed by the debtor's bankruptcy filing. . . .
    Proceedings continue against all other defendants."); *Fed. Deposit Ins. Corp. v. Appraisal Pac.,*

24  *Inc.*, No. 14-CV-0079-H-BLM, 2014 WL 12564365, at *1–2 (S.D. Cal. Sept. 17, 2014) ("The
    general rule is that the bankruptcy of some defendants in a multi-defendant case does not

25  automatically stay the case as to the remaining parties.") (collecting cases); *Teachers Ins. &*

26  *Annuity Ass'n v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986) ("It is well established that stays pursuant

27  to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants) (collecting
    cases).

28

Accordingly, Plaintiffs' Motion cited numerous cases in which securities class actions like this one have proceeded in the fashion Defendants now assert would "directly prejudice the Non-Debtor Defendants" (Opp. at 7).  *See, e.g.*, *Duval*, 1990 WL 261364, at *4 (stating, in circumstances virtually identical to those present here, that "***the securities laws allow for the independent liability of the officers or other parties involved, and proceedings like the present may go forward without the participation of the corporation***") (emphasis added); *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.); *In re Lehman Bros. Equity/Debt Sec. Litig.*, No. 08-Civ-5523 (S.D.N.Y.); *In re Enron Corp. Sec. Litig.*, No. H-01-3624 (S.D. Tex.); *In re WorldCom, Inc. Sec. Litig.*, No 02-Civ-3288 (S.D.N.Y.); *see also Boucher v. Shaw*, 572 F.3d 1087, 1092-93 (9th Cir. 2009) (noting "the automatic stay does not protect the property of parties such as officers of the debtor").

Defendants' Opposition does not rebut these points, conceding that the automatic stay should have no effect here.  Instead, Defendants (1) raise a procedural objection to Plaintiffs' Motion and (2) ask the Court to exercise its discretion to stay the case against the non-debtor Defendants.  For the reasons discussed below, both efforts fail.

**B.     Plaintiffs' Motion Was Proper, and Local Rule 7.9 Does Not Apply**

Lacking any substantive objection to the Motion, Defendants' primary argument in opposition to Plaintiffs' Motion is procedural.  They argue that the Motion "inappropriately seeks reconsideration of the Court's Stay Order" and that Plaintiffs attempted "to avoid the rigors of Civil Local Rule 7.9(b)."  Opp. at 2.  Defendants are wrong.

Defendants' argument rests on the unfounded premise that the Court's Order staying the case is the kind of "interlocutory order" for which Local Rule 7.9 requires a motion for reconsideration.  It isn't, and Rule 7.9 itself demonstrates why.  That Rule's requirements include that "a material difference in fact or law exists ***from that which was presented to the Court before entry of the interlocutory order***" and that the party seeking reconsideration "must show that ***in the exercise of reasonable diligence the party … did not know such fact or law at the time of the interlocutory order.***"  (Emphasis added.)  In other words, the kinds of orders implicated by Rule

7.9 are those involving "material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."  *See* L.R. 7.9(c) ("Prohibition Against Repetition of Argument.").  By contrast, here, the parties submitted no facts or arguments to the Court regarding the propriety of a discretionary stay.

Numerous courts identified in the Motion, including in the Northern District of California, have granted requests similar to the one made by Plaintiffs here.  *See* Mot. at 4-5 (citing cases); *see also supra* Sec. II.A.  Defendants' only effort to rebut those cases is a conclusory sentence stating that they are "inapposite" because, here, the Court's Order was an exercise of discretion. Opp. at 3.  But as discussed immediately below, that premise is illogical and unsupported.

The Court should reject Defendants' claim that the Motion falls within the requirements of Local Rule 7.9.

### C.   Defendants' Characterization of the Stay Order as an Exercise of Discretion Explicitly Intended to Extend the Stay to Non-Debtor Defendants Is Wholly Unsupported

Defendants also argue that the Court "has the inherent authority to stay proceedings against non-debtor defendants" (Opp. at 3-5), but Defendants have no support for their conclusion that the Court did so here.  Indeed, doing so without proper briefing and analysis might well have been improper.  The Supreme Court has cautioned that "[a] stay is not a matter of right. . . . The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion. The fact that the issuance of a stay is left to the court's discretion 'does not mean that no legal standard governs that discretion'."  *Nken v. Holder*, 556 U.S. 418, 433–34 (2009).  The Court's Stay Order contains no analysis even suggesting that it was exercising its discretion or inherent authority, as opposed to taking automatic action resulting from the bankruptcy.

Defendants try to invert the question, concluding "nothing in the Stay Order … indicates that the Court's temporary stay of proceedings with respect to the Non-Debtor Defendants was pursuant to the automatic bankruptcy stay" and "[r]ather, the Court [was] exercising its inherent discretionary authority."  Opp. at 3.  But the Stay Order itself does not support such a leap. Defendants admit that "[i]n deciding whether to impose its discretion in staying proceedings,

1  *courts must consider*" various factors in their analysis.  (Opp. at 5-6.)  For the Court to have

2  considered these factors, it would have had to do so (1) without the benefit of any briefing from

3  the parties and (2) without stating so in its Order.

4        The most logical interpretation of the Court's Order is that it simply acknowledged the

5  *automatic* stay following Tintri's notice of its Chapter 11 filing, without any specific consideration

6  of the Court's *discretion* as to Non-Debtor Defendants.  The relevant portion of the Order simply

7  states: "The Court has received notice that defendant Tintri, Inc. filed a petition for bankruptcy.

8  (Dkt. No. 67.)  Accordingly, this action is stayed[.]"  Dkt. No. 68.  The remainder of the one-page

9  Order relates to a status hearing set for April 2019, and includes the requirement that Plaintiffs

10  notify the Court when "the bankruptcy stay is no longer in effect."  *Id.*  While the language is not

11  conclusive as to the Non-Debtor Defendants (in that they are not specifically mentioned at all), the

12  Stay Order appears to have merely followed automatically from Tintri's notice of Bankruptcy

13  filing.  The reading urged by Defendants—that the Court purposely exercised its discretion to

14  extend the stay beyond the Debtor, yet omitted any mention of having done so in the Order—

15  expands significantly upon what is stated in the Stay Order itself.  Or, to put it differently: it seems

16  much more likely that the Court's two-sentence statement staying the case was an exercise in

17  "automatic" rather than "discretionary" procedure following Tintri's bankruptcy filing.

18        In sum, while Defendants are correct that courts possess inherent discretion to stay actions

19  when justice requires, there is nothing in the record to suggest that is what happened here.  The

20  Stay Order does not mention the application of the stay as to the Non-Debtor Defendants, it

21  includes no discussion of the relevant factors that "must" be considered in deciding whether to

22  extend a stay of litigation, and the parties provided no briefing on these issues.[2]

---

23  [2] Defendants' cases in support of this section are inapposite.  *BMO Harris Bank N.A. v. Marken*

24  *Enter.*, No. 3:17-cv-00091-GPC-NLS, 2017 U.S. Dist. LEXIS 149430 (S.D. Cal. Sept. 14, 2017)
   involved a totally different procedural background; the defendants were in default when one filed

25  for bankruptcy, and the plaintiff had a motion for default judgment pending.  *Id.* at *4-5.  Unlike
   here—where Defendants concede there are no "unusual circumstances" justifying extension of the

26  automatic stay—the court in *BMO Harris* specifically noted that the case was a "prime candidate

27  for the 'unusual circumstances' exception," *id.* at *3, and then decided that although it would be
   procedurally improper for a non-bankruptcy court to extend the automatic stay, it would do

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### D.   The Court Should Reject Defendants' Disguised Request for Affirmative Relief

Defendants' third argument does not even relate to Plaintiffs' Motion.  It is an affirmative request that the court impose a discretionary stay.  Opp. at 5-7.  It improperly attempts to shift the burden to the Plaintiffs to prove that a discretionary stay is not appropriate, and should be rejected for that reason alone.  Defendants' own case acknowledges that when a party seeks a discretionary stay, "[t]he party seeking the stay '*must make out a clear case of hardship or inequity in being required to go forward,* if there is even a fair possibility that the stay … will work damage to someone else.'"  *Google Inc. v. Creative Labs, Inc.*, No. 16-cv-02628-JST, 2016 WL 6947564, at *2 (N.D. Cal. Nov. 28, 2016) (quoting *Landis v. North Amer. Co.*, 299 U.S. 248, 255 (1936)); *see also Nken*, 556 U.S. at 433–34 ("A stay is not a matter of right. . . . The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.").  The Court should reject Defendants' procedurally improper request.  *Cf. Echols v. Morpho Detection, Inc.*, No. C 12-1581 CW, 2013 WL 752629, at *9-10 (N.D. Cal. Feb. 27, 2013) (denying request for relief improperly included in an opposition brief).

But even if Defendants had filed a proper motion seeking a discretionary stay, instead of burying their request within an opposition brief, there is no reason to extend the stay to Non-Debtor Defendants here—and there are several reasons not to.  Defendants argue that "Plaintiffs have failed to point to any harm that would result from a stay of this action," but (a) it is not Plaintiffs' burden to do so and (b) regardless, *Plaintiffs would indeed be harmed if the case were*

---

functionally the same thing by issuing a discretionary stay.  *Id.* at *3-5.  The court's analysis also relied on the observation that "default judgment should not be entered until the case is finally adjudicated as to all claims and all parties."  *Id.* at *3 (citing *J&J Sports Products Inc. v. Brar*, No. 2:09-cv-3394-GEB-EFB, 2012 WL 4755037, at *2 (E.D. Cal. Oct. 3, 2012).  There is no such concern here, so *BMO Harris* is not instructive.  Both *J&J Sports* and *Zurich Am. Ins. Co. v. Trans Cal Assocs.*, No. CIV. 2:10-01957 WBS, 2011 WL 6329959, at *1 (E.D. Cal. Dec. 16, 2011), are unhelpful for the same reason: both involved pending defaults.  Moreover, *J&J Sports* involved two defendants who were both being sued as "D/B/As" of the same entity and were being served at the same address.  *J&J Sports*, 2012 WL 4755037, at *2.  In sum, none of Defendants' cases say anything to support Defendants' expansive reading of the Court's one-page Stay Order.  And even if the Court *were* to consider a properly-noticed request for a stay (a request which is *not* presently before the Court), Defendants' cases all rely on factual circumstances not present here.

*stayed against the non-debtor Defendants*.  This action under the Sections 11 and 12 of the Securities Act has been pending for a year, and has not yet proceeded to the discovery stage.  A delay in resolving the motion to dismiss—the predicate to proceeding to discovery—would be prejudicial to Plaintiffs.

Moreover, while Defendants claim that allowing the case to proceed against the non-debtors "would result in hardship to Tintri and the Non-Debtor Defendants" and that staying the entire case would serve the interests of judicial economy and efficiency (Opp. at 6-7), they fail to cite a single securities case where a district court exercised its discretion to impose a stay on non-debtors.  In fact, the routine result in securities cases is that the case is permitted to proceed against non-debtors.  (*See* Mot. at 4-5.)  Defendants protest that certain insurance policies cover both Tintri and the Non-Debtor Defendants.  (Opp. at 6-7.)  That is identical to an argument that the court rejected in *Duval v. Gleason*, a Northern District of California securities case.  The court held that the securities claims at issue did not constitute a "direct action" against property of the estate, such that the stay should be extended, and it expressly noted that in securities actions non-debtor defendants "can be held liable wholly independent from the debtor."  *Duval*, 1990 WL 261364, at *7.  And Defendants' cases in *other* contexts (namely, patent infringement suits) raise different policy considerations and have no bearing here.  *See Wordtech Sys., Inc. v. Integrated Network Sols., Inc.*, No. 2:04-CV-01971-MCE, 2012 WL 6049592, at *1 (E.D. Cal. Dec. 5, 2012) (patent infringement action; defendants actually filed motion to stay entire case); *Google*, 2016 WL 6947564, at *2 (same; court relied on the fact that Google was only seeking declaratory relief in concluding that Google would not be harmed by a stay); *Kaneka Corp. v. Zhejiang Med. Co.*, No. CV 11-02389 SJO (SHSx), 2016 WL 6208309, at *1 (C.D. Cal. July 6, 2016) (patent infringement action; court actually *denied* motion to stay case).

Contrary to the very real prejudice Plaintiffs will face as a result of further delays in the early procedural stages of this case, Non-Debtor Defendants are substantially shielded from any *undue* hardship by the discovery stay imposed in this case under the PSLRA while the motion to dismiss is pending.  Only after the pleading stage, if the Court holds that the Plaintiffs have

1  sufficiently alleged the Non-Debtor Defendants' independent liability for violating Sections 11

2  and 12 of the Securities Act, will the Non-Debtor Defendants have to participate in discovery.  In

3  that event—as solvent parties facing claims after the resolution of a motion to dismiss—the Non-

4  Debtor Defendants' participation in the litigation could hardly be described as unduly prejudicial

5  to them.

6  **III.**    **CONCLUSION**

7         For the foregoing reasons, Plaintiffs respectfully request that the Court issue an Order

8  determining that the stay imposed by its July 12, 2018 Order does not apply to the Non-Debtor

9  Defendants in this action, and re-setting the litigation schedule.[3]

10

11 Dated:  September 4, 2018          **GLANCY PRONGAY & MURRAY LLP**

12                                   By: */s/ Robert V. Prongay*
13                                   Robert V. Prongay
                                     Kara M. Wolke
14                                   Robert H. Gruber
15                                   1925 Century Park East, Suite 2100
                                     Los Angeles, California 90067
16                                   Telephone:  (310) 201-9150
                                     Facsimile:  (310) 201-9160
17                                   Email:  info@glancylaw.com

18                                   *Lead Counsel for Plaintiffs and the Proposed Class*

19                                   COHEN MILSTEIN SELLERS & TOLL PLLC
                                     Steven J. Toll
20                                   Times Wang
21                                   1100 New York Ave. NW, Suite 500
                                     Washington, DC 20005
22                                   Telephone:  (202) 408-4600
                                     Facsimile:  (202) 408-4699
23

24

25

26 _____
[3] Alternatively, to the extent that the Court entertains Defendants' request for a discretionary stay
27 as to the Non-Debtor Defendants, the Court should require that Defendants raise their request
   through a properly noticed motion with full briefing.
28

417056.1 TINTRI                        10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRONSTEIN GEWIRTZ & GROSSMAN LLP
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone:  (212) 697-6484
Facsimile:  (212) 697-7296

*Additional Counsel for Plaintiffs and the Proposed
Plaintiff Class*

11
REPLY IN SUPPORT OF MOTION RE AUTOMATIC STAY
Case No.: 4:17-cv-05714-YGR

1

**<u>PROOF OF SERVICE BY ELECTRONIC POSTING</u>**

2

I, the undersigned say:

3

I am not a party to the above case, and am over eighteen years old.  On September 4, 2018, I

4

served true and correct copies of the foregoing document, by posting the document electronically to

5

the ECF website of the United States District Court for the Northern District of California, for receipt

6

electronically by the parties listed on the Court's Service List.

7

I affirm under penalty of perjury under the laws of the United States of America that the

8

foregoing is true and correct.  Executed on September 4, 2018, at Los Angeles, California.

9

10

*s/ Robert V. Prongay*
Robert V. Prongay

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Mailing Information for a Case 4:17-cv-05714-YGR Lance Tuller v. Tintri, Inc. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Matthew W Close**
  mclose@omm.com

- **Benjamin Matthew Crosson**
  bcrosson@wsgr.com,lrepp@wsgr.com,fgarcia@wsgr.com

- **Doru Gavril**
  dgavril@wsgr.com,rlustan@wsgr.com,abestafkacruz@wsgr.com

- **Caz Hashemi**
  CHASHEMI@WSGR.COM,rlustan@wsgr.com,dbellinger@wsgr.com,bcrosson@wsgr.com,tbell@wsgr.com,fgarcia@wsgr.com,dgavril@wsgr.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,RGruber@glancylaw.com,info@glancylaw.com,robert-prongay-0232@ecf.pacerpro.com

- **Laurence M Rosen**
  lrosen@rosenlegal.com

- **Laurence M. Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net

- **Jonathan Rosenberg**
  JRosenberg@omm.com,rely@omm.com,nasher@omm.com,dlukmire@omm.com,dcalhoun@omm.com

- **Kara M Wolke**
  kwolke@glancylaw.com,SToll@cohenmilstein.com,kara-wolke-0535@ecf.pacerpro.com,EBerelovich@cohenmilstein.com

- **Shimon Yiftach**
  shimony@bgandg.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)