# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LANCE TULLER,**<br>Plaintiff,<br>vs.<br>**TINTRI, INC., ET AL.,**<br>Defendants. | CASE NO. 17-cv-05714-YGR<br><br>**ORDER DENYING MOTION AND MAINTAINING STAY AGAINST NON-DEBTOR DEFENDANTS**<br><br>Re: Dkt. No. 69 |

Plaintiffs bring this putative class action against defendants Tintri, Inc. ("Tintri" or "Debtor") and Ken Klein, Ian Halifax, and Kieran Harty (collectively, the "Individual Defendants"), as well as various underwriters for alleged material misrepresentations related to Tinri's June 30, 2017 initial public offering (the "IPO") in violation of federal securities laws.[1] (*See* Dkt. No. 1; *see also* Dkt. No. 41 ("CA Compl.").) On July 10, 2018, Tintri and the Individual Defendants filed a Notice informing the Court that Tintri had filed a voluntary Chapter 11 petition in the U.S. Bankruptcy Court for the District of Delaware (the "Bankruptcy Action"). (Dkt. No. 67 ("Bankruptcy Notice").) On July 12, 2018, the Court stayed the instant lawsuit pending resolution of the Bankruptcy Action. (Dkt. No. 68.) Now before the Court is plaintiffs' motion for relief from the stay solely with respect to the Non-Debtors. (Dkt. No. 69 ("Motion").) Having carefully reviewed the papers submitted, and for the reasons set forth more fully below, the Court **DENIES** plaintiffs' motion for relief from the stay with respect to their claims against the Non-Debtors.

---

[1] Underwriter defendants include: Morgan Stanley & Co.; Merrill Lynch, Pierce, Fenner & Smith Inc.; Pacific Crest Securities, a division of KeyBlan Capital Markets Inc.; Needham & Co., LLC. (collectively, the "Underwriter Defendants"). The Underwriter Defendants and the Individual Defendants are referred to collectively herein as the "Non-Debtors."

## I. BACKGROUND

Plaintiff Tuller filed his complaint, individually and on behalf of all others similarly situated, on September 18, 2017 alleging that Tintri and the Individual Defendants engaged in material misrepresentations related to Tinri's June 30, 2017 IPO in violation of federal securities laws. (Dkt. No. 1.) On October 6, 2017, the Court issued an order relating this action to two similar lawsuits, *Clayton v. Tintri, Inc.*, Case No. 17-cv-05683-YGR and *Nurlybayev v. Tintri, Inc.*, Case No. 17-cv-05684-CRB. (Dkt. No. 17.) On December 13, 2017, the Court granted the motion of Henrick Thørring for appointment as lead plaintiff and approval of Glancy Prongay & Murray LLP as lead counsel. (Dkt. No. 35.) On February 2, 2018, lead plaintiff Thørring filed a consolidated class action complaint against Tintri, the Individual Defendants, and the Underwriter Defendants for alleged material misrepresentations regarding Tintri's June 30, 2017 IPO in violation of federal securities laws. (*See* CA Compl.)

On March 30, 2018, defendants' filed two motions to dismiss, one by Tinri and the Individual Defendants (collectively, "Tintri Defendants") (Dkt. No. 51 ("Tintri MTD")) and another by the Underwriter Defendants (Dkt. No. 54 ("Underwriter MTD")). These motions were set for hearing on August 14, 2018. (Dkt. No. 61.) On July 10, 2018, the Tintri Defendants filed a Notice informing the Court that Tinri had filed a voluntary Chapter 11 petition in the U.S. Bankruptcy Court for the District of Delaware (the "Bankruptcy Action"). (*See* Bankruptcy Notice.) Subsequently, on July 12, 2018, the Court stayed the instant lawsuit pending resolution of the Bankruptcy Action. (Dkt. No. 68.) Shortly thereafter, on July 30, 2018, lead plaintiff Henrick Thørring filed a motion for relief from the stay solely with respect to plaintiffs' claims against the Non-Debtors.[2] (Motion.)

---

[2] The Court is unpersuaded by Non-Debtors argument that plaintiffs' motion constitutes a request that the Court reconsider its order staying the instant action. The Court routinely stays actions automatically upon receipt of notice of a bankruptcy filing. Accordingly, the Court will evaluate plaintiffs' motion as one to lift the automatic stay as to the Non-Debtors.

**II. DISCUSSION**

The automatic stay under Section 362(a)(1) of the U.S. Bankruptcy Code may be limited to debtor defendant(s) when special circumstances are not present. *See Ingersoll-Rand Financial Corp. v. Miller Min. Co., Inc.* 817 F.2d 1424, 1427 (9th Cir. 1987) ("In the absence of special circumstances, stays pursuant to section 362(a) are limited to debtors and do not include non-bankrupt co-defendants."). Special circumstances arise where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Duval v. Gleason*, No. C-90-0242-DLJ, 1990 WL 261364, at *3 (N.D. Cal. Oct. 19, 1990).[3]

Here, plaintiffs' complaint addresses allegations of misconduct by all defendants without much, if any, particularization as to the specific role played by each defendant. (*See, e.g.*, CA Compl. ¶ 155 ("Defendants sold 8,572,000 shares . . . pursuant to the Registration Statement."); *see also id.* ¶ 158 ("In the Registration Statement, Defendants also misrepresented . . . ."); ¶162 ("Further . . . Defendants misleadingly warned investors . . . ."). Stated differently, the complaint does not attribute the basis of the alleged misconduct, material misrepresentations made in the registration statement accompanying Debtor Tintri's IPO, to specific defendants or groups of defendants such that one could parse between a determination as to the liability of the Non-

---

[3] Of the remaining opinions cited by plaintiffs, none are persuasive as none relate to class actions for alleged securities fraud. *See Ingersoll-Rand Financial Corp.,* 817 F.2d at 1427 (finding that the automatic stay did not apply to non-debtor's appeal in an action by creditor for deficiency judgment); *Morici v. Hashfast Techs. LLC*, No.: 5:14-cv-00087-EJD, 2014 WL 4983854, at *1 (N.D. Cal. Oct. 6, 2014) (granting motion to lift stay as to non-debtor defendant in action for failure to timely delivery purchased goods); *C.H. Robinson Worldwide, Inc. v. Portola Farm & Food Distributors, Inc.*, No. SA-CV_1502073 CJC (JCGx), 2016 WL 8849023, at *1 (C.D. Cal. May 26, 2016) (same in action for violation of regulations pertaining to purchase and sale of perishable agricultural goods); *Acosta v. Valley Garlic, Inc.*, No: 1:16-cv-01156-AWI (EPG), 2017 WL 3641761, at *5 n.1 (E.D. Cal. Aug. 24, 2017) (noting that proceedings against non-debtor defendants continue in personal injury action arising from a car crash); *Fed. Deposit Ins. Corp. v. Appraisal Pac., Inc.*, No. 14-cv-0079-H-BLM, 2014 WL 12564365, at *1-2 (S.D. Cal. Sept 17, 2014) (declining to apply stay to non-debtor defendants in action for breach of contract); *Teachers Ins. & Annuity Ass'n v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986) (finding that bankruptcy court improperly extended automatic stay to non-bankrupt partners of debtor pursuant to general equity powers under 11 U.S.C. Section 105 in Chapter 13 bankruptcy action, where Section 362(a) does not apply).

Debtors as compared to a determination as to the liability of the Debtor Tintri.

There can be no determination as to the liability of the Individual Defendants or Underwriter Defendants without first resolving whether Debtor Tintri has made a material misrepresentation in violation of the securities laws at issue. Thus, any "judgment against the [Non-Debtors] will in effect be a judgment or finding against [Debtor Tintri]." *Duval*, No. C-90-0242-DLJ, 1990 WL 261364, at *3. Accordingly, plaintiffs' allegations present a special circumstance under which the automatic stay under Section 362(a)(1) of the U.S. Bankruptcy Code may apply to defendants other than the debtor. *Id.*; *see also Ingersoll-Rand Financial Corp.*, 817 F.2d at 1427.

Moreover, a stay of the instant action as it applies to Non-Debtors is in the interest of efficiency and will avoid relitigation of the issues presented. *See Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (holding that a "trial court may, with propriety, find it efficient for its own docket and the fairest course for the parties to enter a stay of action before it, pending resolution of independent proceedings which bear upon the case") (internal citation omitted); *see also Wordtech Sys., Inc. v. Integrated network Solutions, Inc.*, No. 2:04-cv-01971-MCE-EFB, 2012 WL 6049592, at *9 (E.D. Cal. Dec. 5, 2012) (discretionarily staying action against non-bankrupt co-defendant where "a later trial of the claims against another defendant could involve the relitigation of most if not all of the issues litigated in the first proceeding" or where "it would be more efficient to stay the entire case . . . rather than to proceed . . . on a piecemeal basis") (internal citations omitted).

### III. CONCLUSION

For the reasons discussed above, the Court **DENIES** plaintiffs' motion for relief from the stay with respect to their claims against the Non-Debtors.

This Order terminates Docket Number 69.

**IT IS SO ORDERED.**

Dated: September 14, 2018

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

4