CAZ HASHEMI, State Bar No. 210239
BENJAMIN M. CROSSON, State Bar No. 247560
DORU GAVRIL, State Bar No. 282309
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: chashemi@wsgr.com
Email: bcrosson@wsgr.com
Email: dgavril@wsgr.com

Attorneys for Defendant Tintri, Inc.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

LANCE TULLER, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

TINTRI, INC., et al.,

Defendants.

Case No. 4:17-cv-05714-YGR

**CLASS ACTION**

**JOINT STIPULATION AND ~~[PROPOSED]~~ PROTECTIVE ORDER REGARDING MEDIATION MATERIALS**

This Stipulation and Protective Order ("Stipulation") is entered into by and between Defendant Tintri, Inc. ("Tintri" or the "Company"), the Underwriter Defendants,[1] and the Individual Defendants[2] (collectively, "Defendants"); and plaintiffs Henrick Thørring and Rustam Mustafin ("Plaintiffs") (each, individually, a "Party" and, collectively, the "Parties"), together with the Parties' counsel of record, subject to the Court's approval.

**WHEREAS,** on February 2, 2018, a consolidated complaint was filed in this action, captioned *Tuller v. Tintri, Inc. et al.*, in the United States District Court for the Northern District of California, Case No. 4:17-cv-05714-YGR (the "Litigation");

**WHEREAS,** proceedings in this Litigation were stayed following Tintri's filing of a petition under Chapter 11 of the United States Bankruptcy Code;

**WHEREAS,** the Mediating Parties,[3] including the Parties to this Litigation, by and through their attorneys, recently filed a stipulation requesting that the bankruptcy court allow participation in private alternative dispute resolution (the "Mediation") before a mediator (the "Mediator") with the objective of resolving all claims and potential claims between them arising out of this and related litigation (*see* Dkt. No. 80);

**WHEREAS,** solely for the purposes of and in connection with the Mediation, Tintri has agreed to produce certain information (the "Mediation Materials") to counsel of record for the Mediating Parties to allow evaluation of the Mediating Parties' claims and defenses;

---

[1] Defendants Morgan Stanley & Co. LLC; Merrill Lynch, Pierce, Fenner & Smith Inc.; Pacific Crest Securities, a division of KeyBanc Capital Markets Inc.; Needham & Co., LLC; Piper Jaffray & Co.; Raymond James & Associates, Inc.; and William Blair & Company, L.L.C. are collectively referred to as the "Underwriter Defendants."

[2] Defendants Ken Klein, Ian Halifax, and Kieran Harty are collectively referred to as the "Individual Defendants."

[3] John Bolger; Adam Grosser; Charles Giancarlo; Harvey Jones; Christopher Schaepe; Peter Sonsini; Lawrence Clayton; Anant Porwal; Vladimir Golosiy; Laurence Clayton; Anant Porwal; New Enterprise Associates 12, Limited Partnership; NEA Partners 12 Limited Partnership; NEA 12 GP, LLC; Silver Lake Kraftwerk Fund, L.P.; Silver Lake Group, L.L.C.; and Silver Lake Technology Associates Kraftwerk, L.P.; together with the Parties as defined herein, constitute the "Mediating Parties."

**WHEREAS,** both California and Federal law contemplate settlement privilege, *see* Cal. Evid. Code §§ 1115-1129, 1152; Fed. R. Evid. 408, and the Parties agree that such settlement privilege is applicable to the Mediation Materials;

**WHEREAS,** as set forth in detail below, the Parties agree that the Mediation Materials may not be shared with anyone other than counsel of record for the Mediating Parties, their consulting experts, and the Mediator, that this information is to be used only in connection with the Mediation, and that each document and all copies thereof are to be returned to the Company's counsel who produced the materials or destroyed following the completion of the Mediation;

**WHEREAS,** the Parties do not intend to waive and hereby preserve all applicable objections to discovery and all applicable privileges and confidentiality protections (including, without limitation, the attorney-client privilege and the attorney work product protection);

**NOW THEREFORE,** in consideration of the promises, mutual agreements, and covenants hereinafter set forth, and intending to be legally bound, the Parties agree to the terms below, subject to the Court's approval:

**Mediation Materials**

1. This Stipulation shall govern all Mediation Materials;

2. All documents and information contained in or regarding documents provided to counsel of record for the Mediating Parties, including to counsel of record for the Parties under the terms of this Stipulation, without regard to whether the information is oral or written, regardless of the source of documents or information, shall be deemed to be Mediation Materials;

3. All information obtained or derived from the Mediation Materials, including all notes and documents that contain, reflect, or reference any information in the Mediation Materials shall also be deemed part of the Mediation Materials;

4. Mediation Materials shall not include information that (a) is or becomes generally available to the public other than as a result of disclosure by counsel of record for the Mediating Parties; (b) was available to counsel of record for the Mediating Parties on a non-confidential basis prior to its disclosure by the Company; or (c) becomes available to counsel of record for the Mediating Parties on a non-confidential basis from another person, which is defined to include, without limitation, any real person or legal or business entity who properly obtained the Mediation Materials and has the authority to provide them to counsel of record for the Mediating Parties;

**Access to Mediation Materials & Undertaking**

5. Counsel of record for the Parties and all individuals allowed access to Mediation Materials pursuant to this Stipulation shall treat all such Mediation Materials as strictly confidential attorneys-eyes-only information and shall not disclose, disseminate, discuss, or otherwise publish such material in whole or in part, directly or indirectly, by any manner, method, or means whatsoever, to any other person, firm, or entity (including, without limitation, any media organization) other than other counsel of record for the Mediating Parties or the Mediator, unless otherwise authorized in writing by Tintri;

6. Any individual allowed access to the Mediation Materials pursuant to this Stipulation shall, prior to being allowed such access, be provided a copy of this Stipulation by counsel of record for the Party allowing such access and shall agree to be subject to its terms, by execution of the undertaking in the form attached to this Stipulation as Exhibit A, unless otherwise authorized in writing by Tintri;

7. The executed undertaking of each individual to whom access to the Mediation Materials is to be allowed shall be maintained by counsel of record for each Party allowing such access and shall be provided to Tintri upon request;

**Use of Mediation Materials**

8. Counsel of record for the Parties and all individuals allowed access to Mediation Materials pursuant to this Stipulation shall be permitted to use the Mediation Materials solely for the settlement purposes of preparing for and participating in the Mediation, and for no other purpose whatsoever;

9. Counsel of record for the Parties and all individuals allowed access to Mediation Materials pursuant to this Stipulation shall not use the Mediation Materials for any other purposes including, but not limited to: (a) communications with any competitor of Tintri; (b) communications with any other plaintiff or plaintiffs, or any counsel representing any other plaintiff or plaintiffs, in any way in, or in connection with, any litigation or potential litigation, or in any other action or potential action, whether filed or unfiled, against or on behalf of Tintri, other than communications with other counsel of record for the Mediating Parties for purposes of Mediation; (c) in connection with the Litigation or any other future action brought by Plaintiffs, including, but not limited to, any amendment to the complaint, except that to the extent the Court lifts the stay in this action, it will not preclude documents that consist of or reflect Mediation Materials from being subject to discovery or produced in response to discovery, and the identification of such documents as Mediation Materials will not, in the future, preclude those documents from being produced in discovery; (d) any other purpose, except as set forth herein or expressly agreed in writing by Tintri;

10. Mediation Materials, unless otherwise obtained through discovery and except as otherwise provided in Paragraphs 4 and 9 above, may not be used or referenced in any amended complaint, pleading, or hearing in this Litigation or any other;

11. Within fourteen (14) calendar days after: (a) the Court has approved a Stipulation of Settlement and the Settlement has become final pursuant to the terms of that stipulation, or (b) the Parties agree in writing that the Mediation has terminated, counsel of record for the Parties and any other person who received Mediation Materials pursuant to the terms of this Stipulation

shall return or destroy all Mediation Materials and shall certify in writing that all such Mediation Materials and all copies thereof, and any attorney work product incorporating or referring to the Mediation Materials, have been deleted, returned, or destroyed;

**Custody and Control of Mediation Materials**

12. The Mediation Materials are not in, and will not become within, the custody or control of counsel of record for the Parties other than the Company;

13. If counsel of record for any Party or Parties or any individuals allowed access to Mediation Materials pursuant to this Stipulation receive a subpoena or other compulsory process from a non-party to this Stipulation seeking production or other disclosure of Mediation Materials or provision of information regarding the Mediation Materials by any means (including, without limitation, by written interrogatories or by deposition), counsel of record for that Party or Parties, to the extent permitted by law, shall give prompt written notice (identifying the Mediation Materials sought and enclosing a copy of the subpoena or other compulsory process) to counsel for the Company sufficient to allow the Company to seek a protective order or other appropriate remedy. Notwithstanding the foregoing, this Order does not prohibit any Party from disclosing Mediation Materials or information relating to Mediation Materials to any person if required to do so by applicable laws or regulations. The Parties agree to cooperate reasonably with the Company if the Company seeks to obtain a protective order concerning such Mediation Materials and agree not oppose any efforts made by Tintri or its counsel to take such measures;

14. Nothing herein shall be construed as requiring any of the Parties covered by this Stipulation to challenge or appeal any order requiring production of Mediation Materials covered by this Stipulation, or to subject themselves to any penalties for non-compliance with any legal process or order or to seek any relief from any court;

15. In the event that counsel of record for the Parties or any individuals allowed to access the Mediation Materials pursuant to this Stipulation are compelled to disclose Mediation

Materials in response to a subpoena or other compulsory process, they shall disclose only such portion of such Mediation Materials that is required to be disclosed, and shall exercise all reasonable efforts to obtain confidential treatment of any Mediation Materials that are so disclosed. The Parties shall use their best efforts to obtain assurances that the material or information will be filed under seal and shall provide Tintri with a duplicate production of the material or information required to be disclosed;

16. Nothing in this Stipulation is intended to or shall require counsel of record for the Parties to produce to Tintri, Tintri's counsel, or any third party any notes, memoranda, or other materials that constitute attorney work product, or to suggest that such notes, memoranda, or other materials are within or shall come within the custody or control of Tintri or its counsel;

**No Prejudice**

17. Entering into, agreeing to, and/or producing or receiving materials or otherwise complying with the terms of this Stipulation shall not: (a) prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery in any action, or operate as an admission by the Company that the restrictions and process set forth herein constitute adequate protection for any particular information deemed by the Company to be confidential; (b) prejudice in any way the rights of the Parties to object to the authenticity or admissibility into evidence in any action of any document covered under the terms of this Stipulation; (c) prejudice in any way the rights of the Parties to petition any court or administrative body for a protective order relating to any purportedly confidential information; or (d) otherwise affect the respective rights of any Party to this Stipulation concerning discovery and applicable privileges in any action;

18. The Parties agree not to argue or assert in the Litigation or in any other proceeding of any kind in any forum, court, or jurisdiction that any disclosure in connection with the Mediation, including of Mediation Materials, constitutes (a) a general waiver of the attorney-client privilege, the attorney work product protection, or any other potentially applicable

privilege or protection (including as to trade secrets, proprietary information, or information governed by privacy protections), (b) a specific waiver of any privilege or protection applicable to the information being produced, or (c) an admission or any indication that the information is relevant to, or would or should be discoverable in, this Litigation;

**<u>Inadvertent Disclosure of Privileged or Protected Material</u>**

19. If Tintri contends that information subject to a claim of privilege and/or protection has been inadvertently disclosed or produced as Mediation Materials, Tintri shall promptly notify counsel of record for the Parties which received those Mediation Materials of the claim and the basis for it. As part of the notification, Tintri shall identify, by Bates number(s), the document(s) as to which Tintri is asserting a claim of privilege and/or protection. If Tintri's claim is disputed, the dispute will be submitted to the Mediator for resolution. Upon receiving a notification of any inadvertent disclosure or production, counsel of record for each Party shall promptly return, sequester, or destroy the specified information and any copies it has made, as applicable, and shall not use or disclose the information until the claim is resolved. No party may contest the resolution of the dispute over claim of privilege or protection in connection with the Mediation;

20. Similarly, if counsel of record for any Party discovers that any information that is protected by the attorney-client privilege or by any other applicable privilege or protection inadvertently has been made available to it as Mediation Materials, counsel of record for that Party shall notify Tintri in writing, shall return to Tintri's counsel or destroy such documents and information and all copies thereof, and shall certify such return or destruction. Counsel of record for the Parties may not refer to or otherwise use the inadvertently produced Mediation Materials or information derived therefrom for any purpose whatsoever;

**Reservation of Rights**

21. The Parties reserve all rights in this Litigation, or in any other pending or future proceeding, including to: (a) object on any ground whatsoever to the production or use of any document or information included in the Mediation Materials; or (b) seek the production or use of any document or information included in the Mediation Materials should such documents or information become the subject of discovery;

22. The inclusion of information in Mediation Materials pursuant to this Stipulation shall not be construed or used as an admission or concession by Tintri of the relevance or admissibility of any document or information in this action, or that any particular document or information exists, nor shall the inclusion of information in Mediation Materials pursuant to this Stipulation be construed or used as an admission or concession by Plaintiffs that any document or information in this action does not exist, or is not relevant or otherwise subject to discovery;

23. This Stipulation has no effect upon, and shall not apply to, the Company's use or dissemination of its own information, including documents constituting Mediation Materials, and this Stipulation likewise has no effect upon, and shall not apply to, the Plaintiffs' use or dissemination of their own information;

24. This Stipulation shall be governed by and construed in accordance with the laws of the State of California, without giving effect to its principles or rules regarding conflicts of laws;

25. This Stipulation shall remain in full force and effect after the conclusion of all proceedings in this Litigation. Final termination of this Litigation, including exhaustion of appellate remedies, shall not terminate the limitations on use and disclosure of Mediation Materials imposed by this Stipulation;

26. The Parties agree to submit to the jurisdiction of the Unites States District Court for the Northern District of California to enforce and ensure compliance with the terms of this Stipulation; and

27. Any notice required to be given to a Party or its counsel of record pursuant to this Stipulation shall be given to the counsel for that Party listed as signatory to this Stipulation, as applicable.

**IT IS SO STIPULATED.**

DATED: April 29, 2019                    WILSON SONSINI GOODRICH & ROSATI
                                         PROFESSIONAL CORPORATION


                                         By: /s/ Benjamin M. Crosson
                                             Benjamin M. Crosson

                                         650 Page Mill Road
                                         Palo Alto, CA 94304
                                         Telephone (650) 493-9300
                                         Facsimile: (650) 565-5100
                                         Email: bcrosson@wsgr.com

                                         *Attorneys for Defendant Tintri, Inc.*


DATED: April 29, 2019                    GLANCY PRONGAY & MURRAY LLP


                                         By: /s/ Robert V. Prongay
                                             Robert V. Prongay

                                         1925 Century Park East, Suite 2100
                                         Los Angeles, California 90067
                                         Telephone: (310) 201-9150
                                         Facsimile: (310) 201-9160
                                         Email: rprongay@glancylaw.com

                                         *Lead Counsel for Plaintiffs*

                                         COHEN MILSTEIN SELLERS & TOLL PLLC
                                         Steven J. Toll
                                         Times Wang
                                         1100 New York Ave. NW, Suite 500
                                         Washington, DC 20005
                                         Telephone: (202) 408-4600
                                         Facsimile: (202) 408-4699

                                         BRONSTEIN GEWIRTZ & GROSSMAN LLP

Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296

*Additional Counsel for Plaintiffs*

Dated: April 29, 2019

BERGESON, LLP

By: /s/ John D. Pernick

JOHN D. PERNICK
111 North Market Street, Suite 600
San Jose, CA 95113
Telephone: (408) 291-6200
Facsimile: (408) 297-6000
jpernick@be-law.com

*Attorneys for the Individual Defendants*

Dated: April 29, 2019

O'MELVENY & MYERS LLP

By: /s/ Matthew W. Close

Matthew W. Close
400 South Hope Street, 18th Floor
Los Angeles, CA 90071
Telephone: 213-430-6000
mclose@omm.com

*Attorneys for the Underwriter Defendants*

## CERTIFICATION

I, Benjamin M. Crosson, am the ECF User whose identification and password are being used to file this **JOINT STIPULATION AND ~~[PROPOSED]~~ ORDER FOR**

**CONTINUANCE OF HEARING.** In compliance with Civil Local Rule 5-1(i), I hereby attest that Robert V. Prongay, John D. Pernick, and Matthew W. Close have concurred in this filing.

DATE: April 29, 2019

By: /s/ Benjamin M. Crosson
Benjamin M. Crosson

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811
Email: bcrosson@wsgr.com

*Attorneys for Defendant Tintri Inc.*

* * * * * *

**~~[PROPOSED]~~ ORDER**

Pursuant to the Parties' stipulation, **IT IS SO ORDERED.**

Dated: May 1, 2019

The Hon. Yvonne Gonzalez Rogers
United States District Judge

**EXHIBIT A**

I hereby certify (i) my understanding that Mediation Materials are being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order, and (ii) that I have read the Stipulation. I understand the terms of the Stipulation and agree to be fully bound by the Stipulation. I hereby submit to the jurisdiction of Unites States District Court for the Northern District of California for purposes of enforcement of the Stipulation.

Date:_______________ Signature: _________________

Printed Name: ________________________